Aminah Williams, Esquire SB# 276524
Stephen R. Golden, Esquire SB# 163366
**STEPHEN R. GOLDEN & ASSOCIATES**
600 N. Rosemead Blvd., Suite 100
Pasadena, CA 91107
Telephone: (626) 584-7800
Facsimile: (626) 568-3529
E-mail:      businesslaw@stephenrgolden.com

Attorneys for Plaintiff
**Susan Parra**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PARRA, an individual,<br><br>                                    Plaintiff,<br><br>             v.<br><br>WELLS FARGO, N.A., a National Association, WELLS FARGO HOME MORTGAGE;INC., NDEX WEST, LLC, and DOES 1 through 50 inclusive,<br><br>                                    Defendants. | **Case No. 5:13-cv-04031-FMO-SH**<br>[The Honorable Fernando M. Olguin]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO DISMISS**<br><br>**HEARING RESERVED**<br><br>Date          :   August 15, 2013<br>Time          :   10:00 am<br>Courtroom  :   22 |

/ / / /

# __TABLE OF CONTENTS__

**MEMORANDUM OF POINTS AND AUTHORITIES** ...................................5

   I.   SUMMARY OF ARGUMENT ........................................5

   II.   INTRODUCTION ..................................................5

   III.   STATEMENT OF FACTS ..........................................6

   IV.   STANDARD OF REVIEW .........................................7

   V.   ARGUMENT.......................................................9

     A.  Defendants Fannie Mae and Bank of America Must Prove They Were Entitled to Foreclose Because the Securitization of the Loan Prior to Defendants claim to Ownership removed All Beneficial Interest from Defendants' Predecessors...............................................9

     B.  The Court May Not take Judicial Notice of 'Facts' Asserted Within a Public Record or any other Document...................................9

     C.  Plaintiff Need Not Tender Before Challenging the Foreclosure. ...............10

     D.  Plaintiff Has Sufficiently Stated Her Claims to Show She is Entitled to Relief..........................................................12

       1.   Plaintiff Has Sufficiently Stated Her Claim for Violation of California Civil Code Section 2924 Et. Seq. ...........................12

       2.   Plaintiff Has Sufficiently Stated Her Claim for Violation of California Civil Code Section 2923.5...................................14

       3.   Plaintiff Has Sufficiently Stated Her Claim for Violation of California Civil Code Section 2924.17..................................15

       4.   Plaintiff Has Sufficiently Stated Her Claim for Violation of California Business and Professions Code Section 17200. ..................16

       5.   Plaintiff Has Sufficiently Stated Her Claim to Set Aside the Trustee's Sale.........................................................17

       6.   Plaintiff Has Sufficiently Stated Her Claim To Cancel Trustee's Deed .18

       7.   Plaintiff Has Sufficiently Stated Her Claim To Quiet Title ...................18

       8.   Plaintiff Has Sufficiently Stated Her Claim For Breach of Implied Covenant of Good Faith and Fair Dealing........................19

       9.   Plaintiff Has Sufficiently Stated Her Claim For Declaratory Relief.......20

   VI.   CONCLUSION ..................................................21

## TABLE OF AUTHORITIES

### CALIFORNIA CASES

*Love v. Wolf* (1964) 226 Cal.App2d. 378, 403 [38 Cal.Rptr. 183]). ........................9

*Berryman v. Merit Property Management, Inc.*, 152 Cal.App. 4th 1544, 1554 (2007)........................................................................................................13

*Guz v. Bechtel Nat. Inc.*, 24 Cal 4th 317, 349 (2000). ..................................16

*Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911)....................10

*Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 113 (2011) ..........................10

*Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010). ....................12

*Onofrio v. Rice*, 55 Cal. App. 4t 413, 424 (1997);......................................15

*Stockton v. Newman*, 148 Cal.App.2d 558, 564, (1957)...............................15

*Whispering Pines Mobile Home Park, Ltd. v. City of Scotts Valley* (1986) 180 Cal.App.3d 152, 160-162 [225 Cal.Rptr. 364].........................................9

### STATUTES

*California Business & Professions Code §17200*...................................12,13

*California Civil Code § 2923.5*................................................11,12,14,15

California Civil Code §2924(a)(6)..............................................................11

California Civil Code §2924.17..................................................................12

*California Evidence Code §1200*................................................................9

### OTHER AUTHORITIES

*California Senate Bill 900*........................................................................11

*Judicial Counsel of California Civil Jury Instructions* § 325 (2011);......................16

*Miller & Starr* California Real Estate 3d 10:212.........................................9

### FEDERAL CASES

*Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir.1985)........................7

*Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 791(9th Cir. 2011), ...................8

*Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, No. C-09-3365 EMC, 2009 WL 4507742, at *7 (N.D. Cal. Dec. 1, 2009) ...................................14

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).--------------------------------7

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)-----------------7

*Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). ----------------------7

*In re Gilead Sciences Sec. Litig.*,536 F.3d 1049, 1057 (9th Cir. 2008).---------------8

*Johnson v. HSBC Bank USA, National Association*, No. 3:11-cv-2091-JM-WVG, 2012 WL 928433(S.D.Cal.Mar.19, 2012)................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:2:13-cv-04031-FMO

*Lona v. Citibank, N.A.*, 2011 WL 6391584, *14-16 (Cal.App.6 Dist.Dec. 21, 2011) ..............................................................................................................15

*Martinez v. America's* Wholesale Lender, 446 Fed. Appx. 940, 943-44 (2011) .....14

*Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No, C 06-01686 SI, 2007 U.S. Dist. LEXIS 68535, at *4 (N.D. Cal. Sept. 10, 2007)....................................................16

*Sacchi*, ..............................................................................................................10

*Sacchi v. Mortgage Electronic Registration Systems Inc.*, 2011 WL 2533029 at *8-9 .........................................................................................................10, 14,15

*Schafer v. CitiMortgage, Inc.* 2011 WL 2437367 at *4. (C.D.Cal.2012) ...............17

*Scheuer v. Rhodes,* 416 U.S. 232,236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974). ......7,12

*Sullivan v. Washington Mut. Bank, FA,* 2009 U.S. Dist. LEXIS 104074, at*13 (N.D. Cal. Oct. *23,2009).* ............................................................................................14

*Tamburri v. Suntrust Mortgage, Inc.*, 2011 WL 6294472, *3 (N.D. Cal. 2011)..9, 10

*U.S. v. Washington,* 759 F.2d 1353, 1356-57 (9th Cir.1985 ....................................17

*Vogan v. Wells Fargo at al*, No. 2:11-CV-02098-JAM-KJN, 2011 WL 5826016, *7-8 ...............................................................................................................15

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:2:13-cv-04031-FMO**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

Plaintiff alleges that Defendants failed to comply with California laws for non-judicial foreclosure, which are strictly construed; and that the trustee sale should be accordingly set aside.  Plaintiff also alleges that Defendants rushed to foreclose on the property on December 27, 2012, without notice to Plaintiff, while Plaintiff was given written confirmation that she was under review for a modification ("dual tracking"), and without exercising the necessary due diligence to contact Plaintiff prior to foreclosure

### II.    INTRODUCTION

This action arises from a loan to purchase real property entered into by Plaintiff with Greenlight Financial Services in October, 2006. By some sequence of transfers of the Deed of Trust and securitization of the Note Securing that Deed, Defendants now claim to be the beneficiaries of the loan. In June 2012, Plaintiff requested a loan modification due to a temporary income decrease as a result of being injured. Defendants represented to Plaintiff that Plaintiff was under review for a loan modification, having her send income documentation (but later claiming documents were never received),  sending a letter to Plaintiff (just 8 days before they sold her home) stating that her case was actually under review, and otherwise lulled Plaintiff into reliance (and inaction as to other available options) while they continued in efforts to foreclose and to sell her home at an auction on December 27, 2012, in an attempt to somehow cover up their misdeeds and (somehow) avoid

compliance with Homeowner Bill of Rights provisions set to take effect January 1, 2013.

### III.   STATEMENT OF FACTS

In October, 2006, Plaintiff obtained a $155,000 mortgage loan from Greenlight Financial Services ("Greenlight") to purchase that real property with a legal address of 12411 Osborne Street, Unit 32, Pacoima, CA.   The loan was evidenced by a Promissory Note executed for the benefit of Greenlight and secured by a Deed of Trust in favor of Greenlight.

The Note was then securitized and split from the Deed of Trust, in breach of the terms of the Deed of Trust, and unbeknownst to Plaintiff. Now, Defendants, B of A and Fannie Mae claim to hold the beneficial interest.

Plaintiff consistently and timely made monthly payments on the loan. In January, 2012, Plaintiff was injured and suffered a reduction in income due to her inability to work. As a result, she had difficulty remaining current on the loan.  By June, 2012, however, Plaintiff fully recovered her income and health and sought a loan modification.

As requested by Defendants, Plaintiff submitted the usual documentation, such as pay stubs, bank statements and tax information, as part of the loan modification process. Plaintiff also made several phone calls to Defendant Bank of America, often speaking with one "Shandra W." to inquire of the status of her loan modification.   Each time Plaintiff spoke with Shandra W or other agents of

Defendant, she was told that her application was under review and being processed or asked to resend documentation.

Between June and December 2012, Plaintiff spoke with various Bank of America representatives, who at no point indicated that Plaintiff's house was scheduled for sale. In fact, as with Shandra W., Plaintiff was repeatedly told that her application was under review, or that more documentation was needed, or otherwise lulled into inaction while Defendants surreptitiously proceeded to sell her home, four (4) days before January 1, 2013, no doubt under the assumption that they would escape applicability of the Homeowner Bill of Rights provisions.

Additionally, Plaintiff received a letter dated December 19, 2012, indicating that her application was under review, yet the home was sold on December 27, 2012. Plaintiff never received a Notice of Trustee Sale, or any other notice that her house would be sold.

## IV.   STANDARD OF REVIEW

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir.1985) "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true and any reasonable inferences drawn therefrom. *See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)*; *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). It is *not* a procedure for resolving a contest about the facts or merits of the case. In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence so support the claims asserted. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Furthermore, more recently, the U.S. Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 55 US 544 (2007). "[S]o long as the plaintiff alleges facts to support a theory that is not factually implausible; the court's skepticism is best reserved for later stages of the proceedings when the Plaintiff's case can be rejected on evidentiary grounds." *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 791(9th Cir. 2011),quoting *In re Gilead Sciences Sec. Litig.,*536 F.3d 1049, 1057 (9th Cir. 2008). Plaintiffs present plausible allegations of misconduct that, if true, would entitle them to relief.

## V.    ARGUMENT

### A. Defendants Fannie Mae and Bank of America Must Prove They Were Entitled to Foreclose Because the Securitization of the Loan Prior to Defendants claim to Ownership removed All Beneficial Interest from Defendants' Predecessors.

Defendants allege that Plaintiff's challenge to the foreclosure based on securitization fails because the argument that the original note had been securitized "split" from the Deed of Trust has been considered and rejected by California Courts.  (MTD p.3, at 18)

However, Plaintiff does not allege that the splitting of Note and Deed of Trust in any way removes her obligation to pay under the loan. Rather, Plaintiff alleges that the beneficial interest under Plaintiff's Deed of Trust could not have been among the assets that Defendants acquired after the securitization and Plaintiff therefore questions whether Defendants are in fact the parties entitled to demand payment from Plaintiff.  Defendants' factual challenge to Plaintiffs' allegations regarding the securitization and sale of their loan is misplaced, given that at a Motion to Dismiss, a court must take all of the Plaintiffs' factual allegations as true. Therefore, Defendants' factual arguments regarding securitization and sale of Plaintiffs' Deed of Trust are inappropriate at this stage of litigation.

Further, Plaintiffs allege that Plaintiff lacks standing to challenge the securitization process. (MTD p. 4 at 6). This is a material fact and a genuine issue that cannot be resolved on a Motion to Dismiss.

### B. The Court May Not take Judicial Notice of 'Facts' Asserted Within a Public Record or any other Document

Defendants claim that the public record establishes their right to foreclose [MTD p. 4]. However, at best, the public record could only demonstrate that certain documents were recorded; not that the content of those documents is true. In a quiet title action, such as here, Defendants cannot merely attach publicly recorded documents to a Motion to Dismiss involving Plaintiffs' property and request the court to take judicial notice of them and/or alleged facts contained in them over objection. Contents of this document contains hearsay statements, under *California Evidence Code* §1200. Plaintiffs object to alleged facts in such documents. "We may take notice of federal acts (Evid. Code, 452, subd. (c)), and we may "take judicial notice of public records [but] we do not take judicial notice of the truth of all matters stated therein." (*Love v. Wolf* (1964) 226 Cal.App2d. 378, 403 [38 Cal.Rptr. 183]). It is only proper for us to take judicial notice if there is no question of truth. (*Whispering Pines Mobile Home Park, Ltd. v. City of Scotts Valley* (1986) 180 Cal.App.3d 152, 160-162 [225 Cal.Rptr. 364] )". It is hearsay and Plaintiffs strongly object.

Plaintiffs are unaware of any case where in a quiet title action, that a court took judicial notice of facts contained in documents purporting to convey interests in Plaintiffs' real property over reasoned objection by Plaintiffs. Common sense, if nothing else, would dictate this conclusion.

## C. **Plaintiff Need Not Tender Before Challenging the Foreclosure.**

Defendants claim that Plaintiff lacks standing to challenge the foreclosure and her Complaint should be dismissed because she has not tendered the full amount due under the note (MTD p. 5 at 22).  However, the requirement that a borrower seeking to set aside a foreclosure sale must first tender the full amount of the debt is not an absolute rule. Specifically, tender is not required when it is inequitable to do so, such as when a party seeks to enjoin or set aside a trustee sale, as here. Miller & Starr California Real Estate 3d 10:212; *Tamburri v. Suntrust Mortgage, Inc.*, 2011 WL 6294472, *3 (N.D. Cal. 2011).

As courts have recognized, a rigid tender rule would often entirely preclude homeowners from challenging wrongful foreclosures. *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029, *9 (C.D. Cal. 2011). Like the Plaintiff here, most homeowners do not have the funds necessary to pay off the entire balance of their loans at one time. If the tender rule was without exception, homeowners in danger of losing their home through, "error or malfeasance . . . would be unable to hold on to this most precious possession [home]. This would be a grossly inequitable result and would permit entities to foreclose on properties without impunity." *Sacchi*, 2011 WL 2533029 at *9.

To avoid this result, and contrary to what Defendants argue, California courts have recognized that an offer of "tender may not be required where it would be inequitable to do so." *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) (affirming trial court's grant of relief to plaintiff on rescission claim although plaintiff failed to

tender). *See also Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 113 (2011) ("a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale"); *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029 at *10; *Tamburri v. SunTrust Mortgage, Inc.* (N. Dist. Cal. Dec. 15, 2011), 2011 WL 6294472 at *3; *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911) (recognizing "cases holding that, where a party has the right to avoid a sale, he is not bound to tender any payment in redemption" adding that, "[w]hatever may be the correct rule, viewing the question generally, it is certainly not the law that an offer to pay the debt must be made, where it would be inequitable to exact such offer of the party complaining of the sale").

In this case, as in *Lona*, *Sacchi*, and *Tamburri*, Plaintiffs should not be required to make a full tender offer because they are challenging Defendants authority foreclose, and the lawfulness of that foreclosure. Requiring tender under these circumstances would be inequitable. Thus, the tender rule does not apply here.

## D. **Plaintiff Has Sufficiently Stated Her Claims to Show She is Entitled to Relief**

### 1. **Plaintiff Has Sufficiently Stated Her Claim for Violation of California Civil Code Section 2924 Et. Seq.**

The Homeowner Bill of Rights (hereinafter referred to as "HBR") was enacted in 2012 and amended previously existing law on January 1, 2013. The Senate

Rules Committee in its Conference Report No. 1 for California Senate Bill 900 states that HBR "Clarifies that no entity shall initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust."

California Civil Code §2924(a)(6) of the Homeowner Bill of Rights states, "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust…" The Homeowner Bill of Rights does not create new standard on an entity attempting to foreclose, rather it merely "clarifies" the pre-existing law; namely that an entity that is trying to foreclose has a burden to produce the note or the deed of trust.  If HBR were not simply clarifying already existing law, it would mean that the foreclosing party does not need to prove he has the right to do so, and further, that anyone who wished could simply record fraudulent documents and claim ownership and the right to foreclose. This simply cannot be the case!

Moreover, in addition to the violation of Section 2924(a) (6), Plaintiff challenges Defendants authority based on the securitization of the loan, which is a factual issue to be determined on its merits, rather than at the Motion to Dismiss. Finally, Defendants' claim that ReconTrust was the original Trustee under the Deed of Trust [MTD p.6 at 24] is in error[1] and is therefore moot.

---

[1]  Original Trustee was LSI, A Division of Chicago Title Insurance Co.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:2:13-cv-04031-FMO

**2. Plaintiff Has Sufficiently Stated Her Claim for Violation of California Civil Code Section 2923.5**

California Civil Code § 2923.5(a)(1) provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ. Code § 2923.5(a)(1) (emphasis added). If a mortgagee, beneficiary, or authorized agent fails to comply with § 2923.5, "then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010).

Plaintiff claims that Defendants violated § 2923.5 because they failed, in a number of ways, to contact them prior to filing the notice of default. Compl. ¶24, 25, 26,27,28. Despite the fact that the Defendants' Notice of Default included a statement that the beneficiary or their authorized agent declares that it has "tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5", Plaintiff was never contacted.

Additionally, even post foreclosure sale—which was invalid—a determination by this Court that Defendants violated *Section 2923.5* support the wrongfulness and unlawful elements of Plaintiff's other causes of action  To Cancel Trustee's Deed,  Quiet Title Violation of *California Business & Professions Code §17200*

Finally,  Defendants violation of Section *2923.5*, is ultimately a factual

determination not to be resolved on a Motion to Dismiss. *Schuer v. Rhodes,* 416 U.S. 232,236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974).

### 3. Plaintiff Has Sufficiently Stated Her Claim for Violation of California Civil Code Section 2924.17

Defendants argue that Plaintiff's claim should fail because Civ. Code §2924.17 was not in effect at the time of the foreclosure sale [MTD p. 7 at 27]. *California Civil Code* §2924.17 of the Homeowner Bill of Rights (HBR) states, "A declaration recorded pursuant to Section 2923.5,… an assignment of deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924… shall be accurate and complete and supported by competent and reliable evidence. Again, present HBR **clarifies that this has been the law all along**. To believe the contrary would mean that before HBR, assignments of the deed of trust and declarations accompanying those assignments attesting to ownership, among other facts, did not have to be accurate, complete or supported by competent and reliable evidence, and in other words, fraudulent.   In California, it is a felony to record such documents.  This cannot be the law!  Moreover, the purported evidence in support of the subject documents at issue in this case consists of merely checking off boxes on a form declaration that recites statutory law, verified by an electronic signature, while the undersigned has no knowledge of the contents of that Declaration.  This does not even come close to meeting the standards of present HBR let alone the

former 2008 Homeowner Bill of Rights.

**4. Plaintiff Has Sufficiently Stated Her Claim for Violation of California Business and Professions Code Section 17200.**

California's Unfair Business Practices *Act,* codified as Cal. Bus. Prof. Code §§ 17200, prohibits unfair competition, which is defined as, *inter alia,* "any [1] unlawful, [2] unfair or [3] fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  The UCL is written in the disjunctive, which means a business act or practice can be alleged to be all or any of the three prongs. *Berryman v. Merit Property Management, Inc.,* 152 Cal.App. 4th 1544, 1554 (2007).

Here, Plaintiff alleges that Defendants have engaged in practices that are unfair and unlawful. (Compl.¶ 40).  Plaintiff asserts claims under § 17200 for Defendants' violation of Cal Civ. Code §2923.5, and the Homeowner Bill of Rights (HBR) FAC¶40. Defendants challenge the § 17200 claim on the basis that HBR was not in effect (MTD p. 9 at 4) and Plaintiff lacks standing; or, injury in fact (MTD p. 9 at 7).  d

However, "[i]t is undisputed that foreclosure proceedings were initiated which put [Ms. Parra's] interest in the property in jeopardy; this fact is sufficient to establish standing See *Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.,* No. C-09-3365 EMC, 2009 WL 4507742, at *7 (N.D. Cal. Dec. 1, 2009) (citing *Sullivan v. Washington Mut. Bank, FA,* No. C-09-2161 EMC, 2009 U.S. Dist.

LEXIS 104074, at*13 (N.D. Cal. Oct. *23,2009*). *See also Sacchi,* 2011 WL 2533029 at *8-9 (refusing to dismiss under FRCP 12(b)(6) plaintiffs section 17200 claim, in part, because Plaintiff alleged a violation of Cal Civ. Code § 2923.5).

As a derivative claim based upon defendants' failure to comply with *California Civil Code* § 2923.5 as well as HBR Claims, Ms. Parra's § 17200 claim rises and falls along with that underlying cause of action. Given that Plaintiffs' §§ 2923.5 and 2924 claims were pled with enough specificity and factual support, Plaintiffs' §17200 claim is likewise sufficiently pled.

**5. Plaintiff Has Sufficiently Stated Her Claim to Set Aside the Trustee's Sale.**

Plaintiff does not oppose Defendants' Contention that Fannie Mae is not a federal actor, and hereby withdraws her claim on that ground and respectfully requests leave to amend.

Notwithstanding Plaintiff's withdrawal, Defendants recorded a Trustee's Deed Upon Sale on January 8, 2013 stating that the Trustee complied with all statutory requirements of the State of California, but this was not the case.

The claim to set aside the trustee sale stands on the principle and Plaintiff's allegations that the purported trustee (ReconsTrust) had no interest in the subject property and lacked authorization to attempt, or effect, a nonjudicial foreclosure, and further that the sale did not comply with California law. If Plaintiff were to

prove this allegation, the trustee's deed and the resulting foreclosure sale are void

under California law. *Martinez v. America's* Wholesale Lender, 446 Fed. Appx.

940, 943-44 (2011)

**6. Plaintiff Has Sufficiently Stated Her Claim To Cancel Trustee's Deed**

Defendant argues that the subject trustee's deed may not be cancelled because

Plaintiff has not tendered or demonstrated that the trustee's deed is void or

voidable; however, Plaintiff offers many allegations tending to show that the

subject trustee's deed is void. Here, Plaintiff alleges that the trustee's sale is void

because (1) Plaintiff contests Defendants' standing as the beneficial interest under

the loan, and thus contests Defendants' right to foreclose, (2) Plaintiff asserts non-

compliance with *California Civil Code §2923.5*, and thus Defendants filed the

premature Notice of Default that initiated the wrongful foreclosure proceedings, and

(3) Plaintiff alleges that Defendants filed fraudulent prepared and recorded several

documents, including the Notice of Default, Substitution of Trustee, and Notice of

Trustee's Sale, which are void and do not empower the foreclosing trustee to

foreclose on the property or transfer title.  For the foregoing reasons, the subject

foreclosure sale and resulting trustee's deed are void.

**7. Plaintiff Has Sufficiently Stated Her Claim To Quiet Title**

Defendants state that Plaintiffs' quiet title cause of action should be

dismissed because they did not tender the amount due on their mortgage and

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:2:13-cv-04031-FMO

because the foreclosure sale occurred. As stated above, tender is not required when it is inequitable. Specifically, tender is not required when the action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt. *Lona v. Citibank, N.A.*, 2011 WL 6391584, *14-16 (Cal.App.6 Dist.Dec. 21, 2011) (identifying four exceptions to the tender rule); <u>*Sacchi*, No. CV 11-1658 AHM, 2011 WL 2533029, at *9-10</u> (citing *Onofrio v. Rice*, 55 Cal. App. 4t 413, 424 (1997); *Stockton v. Newman*, 148 Cal.App.2d 558, 564, (1957) see also *Vogan v. Wells Fargo at al*, No. 2:11-CV-02098-JAM-KJN, 2011 WL 5826016, *7-8 ("the court holds that the tender requirement does not apply to this case because Plaintiffs are challenging the beneficial interest held by U.S. Bank in the deed of trust, not the procedural sufficiency of the foreclosure itself.") Moreover, despite the foreclosure sale, Plaintiff may challenge its validity and the authority of Defendants to claim title.

### 8. Plaintiff Has Sufficiently Stated Her Claim For Breach of Implied Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing is implied in every contract (including the loan at issue here) and prevents one party from "unfairly frustrating the other party's right to receive the benefits" of the contract. See, e.g. *Guz v. Bechtel Nat. Inc.*, 24 Cal 4th 317, 349 (2000). To allege a claim for breach of the covenant off good faith and fair dealing, a plaintiff must allege the following elements: (1) the plaintiff and defendant entered into a contract; (2) the plaintiff did

all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance have occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) he defendant's conduct harmed the plaintiff. *See Judicial Counsel of California Civil Jury Instructions* § 325 (2011); see also *Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No, C 06-01686 SI, 2007 U.S. Dist. LEXIS 68535, at *4 (N.D. Cal. Sept. 10, 2007).

Plaintiff's allegation of contract is contained in the allegation of a Note and Promissory Note (Compl. 10.) Defendants' interest, which Plaintiff disputes, could only come from the contract previously existing between Plaintiff and the original lender. Accordingly, Plaintiff has sufficiently pled the existence of contract, her compliance thereof or excuse, and the resulting harm from breach.

**9. Plaintiff Has Sufficiently Stated Her Claim For Declaratory Relief**

Defendants claim that Plaintiffs declaratory relief reasserts other causes of action and not available post foreclosure.  The Ninth Circuit has explained that while there is no bar to declaratory relief if the legal remedies exist, a court's discretion should lead it to refuse to grant declaratory relief unless it would clarify the parties' interest or relieve the uncertainty giving rise to the proceeding. *U.S. v. Washington,* 759 F.2d 1353, 1356-57 (9th Cir.1985). In addition, the Schafer court and the Johnson

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:2:13-cv-04031-FMO**

court upheld a declaratory relief claim in a similar action to this one, noting that there was a controversy over whether the assignment of a deed of trust was fraudulent, and the cause of action was not duplicative. *Schafer v. CitiMortgage, Inc.* 2011 WL 2437367 at *4. (C.D.Cal.2012); *Johnson v. HSBC Bank USA, National Association,* No. 3:11-cv-2091-JM-WVG, 2012 WL 928433(S.D.Cal.Mar.19, 2012)

Therefore, Plaintiff properly alleged her cause of action for declaratory relief.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court to Deny Defendants' the Motion to Dismiss in its entirety.   Alternatively, leave should be granted to amend those causes of action the Court may deem to require amendment.

STEPHEN R. GOLDEN & ASSOCIATES

Date: July 26, 2013                                   _____/s/ *Aminah Williams*____
                                                      Aminah Williams, Esquire
                                                      Attorney for Plaintiff
                                                      Susan Parra

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS:   CASE NO:2:13-cv-04031-FMO