

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SUSAN PARRA,

Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,

Defendants.

Case No. CV 13-4031 FMO (SHx)

**ORDER DISMISSING PLAINTIFF'S FIFTH AMENDMENT CLAIM AND REMANDING ACTION TO STATE COURT**

The court has reviewed and considered all the briefing filed with respect to defendants Federal National Mortgage Association, Bank of America, N.A. and ReconTrust Company, N.A.'s Motion to Dismiss Case ("Motion"), and concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78.

## INTRODUCTION

On April 29, 2013, Susan Parra ("plaintiff") filed a complaint in Los Angeles County Superior Court against Federal National Mortgage Association ("Fannie Mae"), Bank of America, N.A. ("BANA"), and ReconTrust Company, N.A. (collectively, "defendants"). (See Notice of Removal ("NOR"), Exh. A ("Complaint")). Plaintiff's Complaint asserts the following causes of action: (1) violation of California Civil Code, § 2924, et seq.; (2) violation of California Civil Code, § 2923.5; (3) violation of California Civil Code, § 2924.17; (4) violation of California Business & Professions Code, § 17200; (5) set aside trustee's sale; (6) cancel trustee's deed; (7) quiet title;

(8) breach of the implied covenant of good faith and fair dealing; and (9) declaratory relief. (See Complaint at ¶¶ 18-65).

On June 26, 2013, defendants filed the instant Motion. The Motion to Dismiss was accompanied by defendants' Request for Judicial Notice. Plaintiff filed her Opposition to the Motion ("Opp.") on July 26, 2013. Defendants filed their Reply to Opposition to Motion to Dismiss on July 31, 2013.

## PLAINTIFF'S ALLEGATIONS

This action arises out of a loan transaction made pursuant to the refinancing of the real property located at 12411 Osborne Street, Unit 32, Pacoima, California (the "Property"). (See Complaint at ¶ 7). In October 2006, plaintiff obtained a $155,000 mortgage loan from Greenlight Financial Services ("Greenlight"). (See id. ¶¶ 9-10). The fixed rate promissory note ("Note") was secured by a first deed of trust ("DOT") on the Property in favor of Greenlight. (See id. at ¶ 10).

Plaintiff claims that the DOT identified Mortgage Electronic Registration Systems as the nominee for the lender. (See Complaint at ¶ 11). According to plaintiff, the Note was "securitized and split" from the DOT, and BANA and Fannie Mae "now claim to be the note holder, the lender, and the beneficiary." (Id.). Plaintiff alleges that neither BANA nor Fannie Mae have an interest in the DOT, nor "any estate, right, title, lien or interest in the Property." (Id.).

In January 2012, plaintiff suffered a work-related injury that prevented her from working, and caused her to fall behind on her mortgage payments. (See Complaint at ¶ 14). Approximately six months later, plaintiff contacted BANA and Fannie Mae to "request an alternative to foreclosure." (See id. at ¶ 15). Plaintiff alleges that she was provided with a loan modification application package. (See id.). In a letter sent by BANA, dated December 19, 2012, plaintiff was told that her individual situation would be reviewed. (See id. at ¶ 16). However, on December 27, 2012, plaintiff's home was sold at a trustee sale without prior notice to plaintiff. (See id. at ¶ 17).

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly

(Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 550 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S. 662, 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## DISCUSSION

I. PLAINTIFF'S DUE PROCESS CLAIM.

Plaintiff's Fifth Cause of Action, which is designated as "Set Aside Trustee's Sale," alleges that Fannie Mae recorded a "Trustee's Deed Upon Sale" and that the sale and foreclosure of plaintiff's property "was void in that it was in violation of the 5th Amendment to the United States Constitution, specifically, the prohibition of taking property without due process." (Complaint at ¶ 46). According to plaintiff, "Fannie Mae, for all practical purposes, is a part of the federal government subject to the due process provisions of the United States Constitution." (Id.).

Defendants assert that plaintiff's due process claim fails because Fannie Mae and its conservator, the Federal Housing Finance Agency ("FHFA"), are not government actors for purposes of the Fifth Amendment's Due Process Clause. (See Motion at 9-17). The court agrees.

Title 42 U.S.C. § 1983[1] provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

[1] Section 1983 does not create or establish any federally protected state right. Instead, it creates a cause of action for plaintiffs to enforce federal rights created elsewhere. See Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994); City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432 (1985) (Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."). In addition, § 1983 provides the exclusive available federal remedy for violations of federal constitutional rights – such as plaintiff's due process claim – under color of state law. In other words, plaintiff may not assert a claim directly under the Constitution. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S.Ct. 2702, 2723 (1989) ("[T]he Fourteenth Amendment was intended in large part to embody and expand the protections of the 1866 [Civil Rights] Act as against state actors," and this logic "applies with equal force to petitioner's invitation to this Court to create a damages remedy broader than § 1983 from the declaration of rights now found in [42 U.S.C.] § 1981. We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) ("[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

Constitution and laws, shall be liable to the party injured in an action at law[.]" To sustain an action under this statute, a plaintiff must establish two essential elements: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived [] plaintiff of a federal constitutional or statutory right." Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989), cert. denied, 498 U.S. 938 (1990); see Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011) (same); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908 (1989) ("We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the state; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient[.] . . . Protected liberty interests may arise from two sources – the Due Process Clause itself and the laws of the [s]tates.") (internal quotation marks and citations omitted).

Here, plaintiff's allegations are insufficient to establish the necessary state action. It is well-settled that Fannie Mae is not a state actor for purposes of establishing the necessary state action. See Herron v. Fannie Mae, 857 F.Supp.2d 87, 92 (D.D.C. 2012) ("[T]he imposition of conservatorship . . . did not transform Fannie Mae into a government actor."); Syriani v. Freddie Mac Multiclass Certificates, Series 3365, 2012 WL 6200251, *4 (C.D. Cal. 2012) (citing to Herron in support of the proposition that a post-conservatorship Freddie Mac "does not become a governmental actor for Fifth Amendment purposes merely because it is placed into conservatorship"); Bernard v. Federal Nat. Mortg. Ass'n, 2013 WL 1282016, *3 (E.D. Mich. 2013) ("Fannie Mae, and similar entity Freddie Mac, are not governmental actors post-conservatorship."); Fannie Mae v. Mandry, 2013 WL 687056, *4 (E.D. Mich. 2013) (same). Similarly, the FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor. When FHFA "serves as conservator," it "step[s] into the shoes of the private corporation, Fannie Mae." Herron, 857 F.Supp.2d at 94 (alteration in original) (footnote omitted); 12 U.S.C. § 4617(b)(2)(A)(i) (FHFA Conservator, upon inception of conservatorship, succeeds to "all rights, titles, powers, and privileges of the regulated entity, and of any stockholder, officer, or director[.]"). "In such circumstances, the federal agency in its guise as a conservator or receiver

of a private corporation is not a government actor." Herron, 857 F.Supp.2d at 94 (emphasis added); see also Syriani, 2012 WL 6200251, at *4 ("Freddie Mac does not become a governmental actor for Fifth Amendment purposes merely because it is placed into conservatorship. The [FHFA's] 'control' is merely the same control that Freddie Mac had before conservatorship.").

## II. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS.

Plaintiff's due process claim represents the sole ground for invoking this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See NOR at ¶ 11; Complaint at ¶¶ 43-46).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the power to exercise supplemental jurisdiction is within the court's discretion. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). The court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); see Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7 (1988)). Unless the court is persuaded by "considerations of judicial economy, convenience and fairness to litigants" it must "hesitate to exercise jurisdiction over state claims[.]" Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.

Here, the court's dismissal of plaintiff's due process claim means that there are no federal claims left in the action. Under the circumstances, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and hereby remands those claims back to the state court. See, e.g., Arceo v. County of San Mateo, 2011 WL 92073, *1-2 (N.D. Cal. 2011) (remanding plaintiff's state law claims after a prior court order, which granted defendant's motion to dismiss with respect to plaintiff's federal constitutional claims, prompted the court to examine its subject matter jurisdiction); Sufi v. Leadership High School, 2013 WL 3339441, *9 (N.D. Cal. 2013) (granting defendant's motion to dismiss plaintiff's First Amendment retaliation claim and remanding her remaining state law claims).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Federal Housing Finance Agency's Motion to Intervene as Defendant **(Document No. 10)** is **granted**.

2. Defendants' Motion to Dismiss Case **(Document No. 8)** is **granted-in-part and denied in part**. Plaintiff's Fifth Cause of Action entitled, "Set Aside Trustee's Sale," is **dismissed with prejudice**. Plaintiff's remaining state law claims are **remanded** to the Superior Court of California, County of Los Angeles, 9245 Penfield Ave., Chatsworth, CA 91331.

3. The Clerk shall send a certified copy of this Order to the state court.

Dated this 16th day of October, 2013.

/s/
Fernando M. Olguin
United States District Judge